**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABDUL DIALLO, | : | |
| | : | Civil Action No. 12-2498 (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BRIAN ELWOOD, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Abdul Diallo
Monmouth County Correctional Facility
Freehold, NJ 07728

**WOLFSON**, District Judge

    Petitioner Abdul Diallo, an alien detained in connection

with removal proceedings and currently confined at Monmouth

County Correctional Facility in Freehold, New Jersey, has

submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241[1] and an application for leave to proceed <u>in</u> <u>forma</u>

---

    [1] Section 2241 provides in relevant part:

  (a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.
  (c) The writ of habeas corpus shall not extend to a
prisoner unless-- ... (3) He is in custody in violation
of the Constitution or laws or treaties of the United
States ... .

<u>pauperis</u>.  The named Respondents are Warden Brian Elwood, Monmouth County Correctional Facility, U.S. Attorney General Eric Holder, Department of Homeland Security Secretary Janet Napolitano, and immigration officials Scott A. Weber and John T. Morton.

Based on Petitioner's affidavit of indigence, this Court will grant Petitioner leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. Because it appears from a review of the Petition that Petitioner is not entitled to relief at this time, the Petition will be dismissed without prejudice as premature.  <u>See</u> 28 U.S.C. § 2243.

## I.  <u>BACKGROUND</u>

Petitioner asserts that he is a native and citizen of Mauritania who sought asylum in the United States.  He asserts that his application for asylum was denied and that an order for voluntary departure was entered on September 12, 1995. Petitioner appealed the denial of asylum and the Board of Immigration Appeals dismissed the appeal on July 25, 2002. Thereafter, Petitioner unsuccessfully moved to re-open his immigration proceedings.

Petitioner alleges that he was taken into custody by the Bureau of Immigration and Customs Enforcement on November 14, 2011, upon his release from jail where he was serving a one-year sentence for an assault conviction.  He filed this Petition for

writ of habeas corpus, challenging his prolonged detention, on or about April 23, 2012.

In support of his Petition, Petitioner relies upon Demore v. Kim, 538 U.S. 510 (2004) (relating to constitutionality of pre-removal-order detention), and Zadvydas v. Davis, 533 U.S. 678 (2001) (relating to constitutionality of post-removal-order detention).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of

3

the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(2) requires the detention of such aliens during a 90-day "removal period."  Detention beyond the end of the 90-day removal period is governed by the constitutional principles set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within the 90-day removal period.

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  An order of removal becomes administratively final:

> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;

> (d) If certified to the Board or Attorney General, upon
> the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in
> the alien's absence, immediately upon entry of such
> order; or
> (f) If an immigration judge issues an alternate order
> of removal in connection with a grant of voluntary
> departure, upon overstay of the voluntary departure
> period, or upon the failure to post a required
> voluntary departure bond within 5 business days. If the
> respondent has filed a timely appeal with the Board,
> the order shall become final upon an order of removal
> by the Board or the Attorney General, or upon overstay
> of the voluntary departure period granted or reinstated
> by the Board or the Attorney General.

8 U.S.C. § 1241.1.

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Thus, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. Zadvydas, 533 U.S. at 699-701. But see 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be

extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.").

In addition, in assessing whether an alien has made the required showing, it must be remembered that, while the Supreme Court in Zadvydas emphasized that the expiration of the six-month presumptively-reasonable period of detention did not mandate release, it also stated that as the period of detention grows "what counts as the 'reasonably foreseeable future' conversely shrinks." 533 U.S. at 701.

Here, Petitioner pleads that the BIA dismissed his appeal on September 12, 1995, and that he was taken into custody by immigration authorities on November 14, 2011, upon his release from jail. Thus, his removal order became final on September 12, 1995, and his post-removal-order removal-period custody commenced on November 14, 2011. See, e.g., 28 U.S.C. § 1231(a)(1)(B)(iii); Gregory v. B.I.C.E./D.H.S., Civil Action No. 06-4008 (SDW), 2007 WL 708856 (D.N.J. March 6, 2007) (removal period begins anew upon the happening of any of the events described in § 1231(a)(1)(B)); Michel v. INS, 119 F.Supp.2d 485, 498 (M.D. Pa. 2000) (same).

6

To state a claim under <u>Zadvydas</u>, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired. <u>See</u>, <u>e.g.</u>, <u>Rodney v. Mukasey</u>, 340 Fed.Appx. 761 (3d Cir. 2009); <u>Akinvale v. Ashcroft</u>, 287 F.3d 1050, 1051 (11th cir. 2002). Thus, this claim - filed less than six months after Petitioner was taken into custody - is not yet ripe. <u>See</u>, <u>e.g.</u>, <u>Ferrer-chacon v. Department of Homeland Security</u>, 2006 WL 3392930 (D.N.J. 2006).

Moreover, there is no absolute right to release from detention at the end of the six-months presumptively-reasonable detention period. Here, Petitioner has alleged <u>no</u> facts to suggest that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Petitioner has not suggested any individual barriers to his repatriation, <u>see</u> <u>Zadvydas</u>, 533 U.S. at 684-85 (alien petitioner Zadvydas was a "stateless" individual), nor has he suggested any institutional barrier to his removal, <u>see</u> <u>Zadvydas</u>, 533 U.S. at 686 (alien petitioner Kim Ho Ma was from Cambodia, a country with which the United States has no repatriation agreement). As Petitioner has failed to meet his burden to come forward, initially, with evidence to suggest that there is no significant likelihood of removal in the reasonably foreseeable

future, he has failed to allege facts suggesting an entitlement to relief.

IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice as premature.  An appropriate order follows.


S/Freda L. Wolfson_____<br>Freda L. Wolfson<br>United States District Judge

Dated: May 2, 2012